UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CENTAURUS GF COVE, LLC § <br> D/B/A LA JOLLA ON THE LAKE, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> LEXINGTON INSURANCE COMPANY, *et al.* § <br> § <br> *Defendants*. § | CIVIL ACTION H-10-836 |

**MEMORANDUM AND ORDER**

Pending before the court is plaintiff's motion to remand. Dkt. 12. Also pending before the court is defendants' motion for reconsideration of the court's order granting plaintiff's motion to join additional parties. Dkt. 20. After considering the parties' arguments and the applicable law, the motion to remand (Dkt. 12) is DENIED and the motion for reconsideration (Dkt. 20) is GRANTED for the reasons set forth below. Additionally, the claims against defendant Cunningham Lindsey U.S., Inc., and Paul Odom are DISMISSED and the plaintiff's first amended complaint (Dkt. 24) is STRICKEN.

**BACKGROUND**

Plaintiff Centaurus GF Cove, LLC d/b/a La Jolla on the Lake ("La Jolla") owns commercial property located at 9988 Windmill Lakes Blvd., Houston, Harris County, Texas 77075 (the "Property"). Dkt. 1, Ex. A at 6. The property was insured by defendant Lexington Insurance Company ("Lexington"). *Id.* La Jolla sustained damage to the property when Hurricane Ike hit Harris County; La Jolla thereafter filed a claim with Lexington. *Id.* Cunningham Lindsey U.S., Inc. ("Cunningham") was the insurance adjuster assigned to the claim. *Id.*

La Jolla brought suit against Lexington, Lexington's employees, Cunningham, and Cunningham's employees ("Adjusters"), including Odom, on February 18, 2010 in the 157th Judicial District Court of Harris County, Texas. Dkt. 1, Ex. A at 1. La Jolla alleged multiple causes of action against the defendants, including negligence, breach of contract, breach of good faith and fair dealing, negligent misrepresentation, fraud, violations of Texas Insurance Code Chapters 541 and 542, and violations of the Texas Deceptive Trade Practices Act. Dkt. 1, Ex. A. at 9–18. The parties are not completely diverse: La Jolla, Cunningham, and Odom are residents of Texas, and Lexington is a Delaware corporation, headquartered in Massachusetts. Dkt. 19 at 2. Thus, Lexington filed a notice of removal on the grounds that the adjusters were improperly joined. Dkt. 1. La Jolla filed a motion to remand on May 21, 2010, claiming that the adjusters were joined properly to the case. Dkt. 12. There is no dispute that if the adjusters were not parties to the case, diversity jurisdiction would be proper.

The court initially granted La Jolla's motion to join additional parties under the mistaken belief that the motion was unopposed. *See* Dkt. 18. Defendants now move the court to reconsider its order. Dkt. 20.

## ANALYSIS

**1.     Motion to Remand**

*a.     The Law*

To establish subject-matter jurisdiction predicated on diversity, complete diversity of citizenship must exist among the parties, and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. A case may be removed despite a non-diverse defendant if that defendant was improperly joined, meaning the defendant was named improperly for the purpose of destroying

2

diversity. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). As the removing parties, defendants bear the heavy burden of demonstrating improper joinder. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). "Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet '[improper]' to the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is without right." *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146, 152, 34 S. Ct. 278 (1914); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).

Defendants can establish improper joinder in either of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiffs to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (quoting *Travis*, 326 F.3d at 646–47). Because the parties do not dispute the accuracy of the jurisdictional facts, the latter is the proper inquiry. The court should not focus on the *probability* that the plaintiff will prevail on the merits against the non-diverse defendant. Rather, the court seeks only a reasonable *possibility* of recovery against the non-diverse defendant. *See Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995). "If no reasonable basis of recovery exists, a conclusion can be drawn that the plaintiff's decision to join the local defendant was indeed [improper], *unless* that showing compels dismissal of *all defendants*." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (emphasis in original). In the present case, the appropriate inquiry is whether the plaintiff has alleged sufficient facts to support any of the claims against Cunningham or Odom. If the plaintiff has failed to state a valid claim against Cunningham and Odom, then the court must apply the "common defense" rule to determine whether the insufficiency likewise disposes of all defendants. If so, remand is proper. *McDonal*, 408 F.3d at 183; *Smallwood*, 385 F.3d at 574.

The Fifth Circuit, in *Smallwood v. Illinois Central Railroad Co.*, endorsed a Rule 12(b)(6)-type inquiry as the preferred method of determining whether joinder is proper. *Smallwood*, 385 F.3d at 573. Under the Rule 12(b)(6)-type inquiry, "a complaint requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Jamarillo v. City of McAllen, Texas*, 306 Fed. App'x 140, 143 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)) (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true . . . ." *Id.*

The *Smallwood* court further acknowledged that in some cases discrete facts will be missing from the plaintiff's pleading, thus making a summary inquiry useful. *Id.* In these cases, the court, at its discretion, may pierce the pleadings and conduct a summary judgment-type inquiry. *Id.*; *Hornbuckle*, 385 F.3d at 542 (citing *Keating v. Shell Chemical Co.*, 610 F.2d 328, 333 (5th Cir. 1980)). Thus, the inquiry no longer centers on the plaintiff's state court petition, but rather on the record as a whole and summary judgment evidence offered by the parties. *Id.* "All disputed issues of fact and any ambiguities of state law must be resolved in the [plaintiff's] favor." *Smith v. Petsmart, Inc.*, No. 06-60497, 2008 WL 2062257, at *2 (S.D. Tex. May 15, 2008) (citing *Travis*, 326 F.3d at 649).

*b.     La Jolla's Claims Against Cunningham and Odom*

Lexington contends that Cunningham and Odom were improperly joined in this case because the state court petition fails to allege sufficient facts against them. Dkt. 19 at 1–2. First, Lexington argues that La Jolla's petition merely recites "legal conclusions and recitations of the insurance code provisions, without alleging actual facts." Dkt. 19 at 4. And second, Lexington claims that La Jolla

did not state specific facts identifying *how* the adjusters acted improperly. *Id.* at 11. La Jolla, however, counters that the complaint is sufficient to show a valid cause of action against Cunningham and Odom. Dkt. 12 at 6–7. Specifically, La Jolla argues that Cunningham and Odom are liable in negligence, liable for breach of contract, and liable for acts committed afoul of the Texas Insurance Code and Texas Deceptive Trade Practices Act. Dkt 1., Ex. A at 9–18; Dkt. 12 at 3.

La Jolla's original state court petition contains only broad allegations against the "defendants" collectively and does not allege any specific factual allegations against Cunningham nor Odom.[1] Therefore, La Jolla's petition lacks sufficient factual allegations to support its claims and the court will conduct a summary judgment-type inquiry in this case. In its motion to remand, La Jolla alleges that the non-diverse defendants, Cunningham and Odom, traveled to the actual property site in question and conducted an independent and inadequate investigation regarding the damages caused by Hurricane Ike. Dkt. 12 at 3. La Jolla, however, has not supplied any documents or further information to demonstrate how Cunningham and Odom were negligent, breached any contract with the plaintiff, or violated the Texas Insurance Code or the DTPA. Therefore, the court concludes that La Jolla did not include particularized facts and particularized allegations against Cunningham and Odom sufficient to establish a reasonable possibility of recovery, and Lexington has met its heavy burden of proving improper joinder. *Jernigan v. Ashland Oil*, 989 F.2d 812 (5th Cir. 1993).

Having determined that La Jolla has failed to state a valid claim against Cunningham and Odom for the purposes of the improper joinder inquiry, the court now turns to the "common defense" inquiry required by *Smallwood*. According to the Fifth Circuit in *Smallwood*, "when, on a motion

---

[1] The court acknowledges that the Texas Rules of Civil Procedure require only "a short statement of the cause of action sufficient to give fair notice of the claim involved." TEX. R. CIV. P. 47(a).

5

to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder." *Smallwood*, 385 F.3d at 574. In that event, remand is proper. *Id*. In the present case, La Jolla alleges that the defendants breached their contractual obligations, but, according to the evidence submitted, Lexington was the only party which had a contract with La Jolla. Thus, Cunningham and Odom's defense does not equally dispose of all of the plaintiff's claims against the remaining defendants and the principle in *Smallwood* is, therefore, inapplicable. *Rainwater v. Lamar Life Ins. Co.*, 391 F.3d 636, 638 (5th Cir. 2004); see also *Wingate v. Air Products Inc.*, 166 Fed. Appx. 98, 101 (5th Cir. 2006); *Lakewood Chiropractic Clinic v. Traveler's Lloyd Ins. Co.,* No. H-09-1728, 2009 WL 3602043 (S.D. Tex. Oct. 27, 2009). Therefore, the motion to remand is denied and the plaintiff's claims against Cunningham and Odom are dismissed.

**2.     Motion to Join Additional Parties**

   *a.     The Law*

While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after "an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986). First, Rule 19(a) provides a framework for deciding whether a given person should be joined. *Id*. A person whose joinder will not deprive the court of subject-matter jurisdiction must be joined if "the court cannot accord complete relief among existing parties." FED. R. CIV. PROC. 19(a)(1)(A). Second, "if the necessary party cannot be joined without destroying subject-matter jurisdiction, the court must then determine

whether that person is 'indispensable,' that is, whether litigation can be properly pursued without the absent party." *Hood ex rel Mississippi v. City of Memphis*, 570 F.3d 625, 629 (5th Cir. 2009). Rule 19(b) guides the court in deciding whether the suit should be dismissed if that person cannot be joined." *Pulitzer-Polster*, 784 F.2d at 1309. Under Rule 19(b), a party does not have to be joined if his presence would destroy diversity unless his absence would render the court incapable in equity and good conscience of proceeding. *Id.* at 1312.

    *b.*  *La Jolla's Claims Against Ted W. Allen & Associates, Inc. and John Owen Jay*

In its original motion to join the additional parties, La Jolla contends that the parties it seeks to join are necessary to accord La Jolla complete relief. Dkt. 15 at 1–2. Ted W. Allen & Associates is the corporation that sold the Lexington policy to La Jolla and John Owen Jay is an individual that was employed by Cunningham. *Id.* at 2. La Jolla contends that Ted W. Allen & Associates is indispensable because this case revolves around the sale of the policy and the failure to pay proceeds under the policy; no mention, however, is made as to why Jay is indispensable. *Id.* In response, defendants contend that La Jolla has failed to demonstrate that either party is necessary to this case. Dkt. 21.

Rule 19(a) does not support the motion to join the additional non-diverse parties. Rule 19(a) provides conditions under which a person should be joined as a party if that person's joinder will not deprive the court of jurisdiction over the subject matter of the action. *Hood ex rel Mississippi*, 570 F.3d at 628. Because joining Ted W. Allen & Associates and Jay would destroy this court's subject-matter jurisdiction, Rule 19(a) is inapplicable. Therefore, this court must consider the factors of Rule 19(b) to determine whether these parties are indispensable.

The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. *Hood ex rel Mississippi*, 570 F.3d at 629. In the present case, the court can completely adjudicate the dispute between La Jolla and Lexington without joining the agent who sold the policy. An alleged failure to pay proceeds under a policy does not, by itself, implicate any wrongdoing in the sale of the policy, and La Jolla offers no argument nor evidence to support the assertion that the two issues are connected. Rather, the evidence before the court shows that this issue involves solely a contractual dispute between Lexington and La Jolla, and no prejudice should result from a judgment in the absence of the proposed parties. Additionally, La Jolla offers no argument as to why Jay is indispensable to this case. At best, Jay is in the same position as Odom who has already been dismissed from this case for improper joinder. Lastly, should La Jolla have a proper claim against the newly proposed parties, this court can render an adequate judgment between La Jolla and Lexington, and La Jolla will still have an adequate remedy against Ted W. Allen & Associates and Jay.

## CONCLUSION

The court finds that Cunningham and Odom are not properly joined as defendants, and, therefore, plaintiff's motion to remand is DENIED.  Additionally, Ted W. Allen & Associates, Inc. and Jay are not indispensable parties, and therefore, defendants' motion for reconsideration of the court's order granting plaintiff's motion to join additional parties is GRANTED.  Furthermore, the claims against Cunningham and Odom are DISMISSED and the plaintiff's first amended complaint is STRICKEN.

It is so ORDERED.

Signed at Houston, Texas on July 7, 2010.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY